UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------X

FAIRHAVEN SHIPYARD & MARINA, INC.,

    Plaintiff,

vs.

F/V REALITY (EX F/V MELISSA VANESSA)
(O.N. No. 619655), her engines, tackle, apparel,
appurtenances, etc., *in rem*,

    Defendant.

---------------------------------------------------X

CIVIL ACTION NO.

03 12594 RWZ

MAGISTRATE JUDGE Chen

**VERIFIED COMPLAINT IN ADMIRALTY**

NOW COMES, plaintiff, FAIRHAVEN SHIPYARD & MARINA, INC., by its attorney, complaining of the above-named defendant, proceeds *in rem* against the F/V REALITY (*ex* F/V MELISSA VANESSA) (O.N. No. 619655), her engines, tackle, apparel, appurtenances, fishing licenses, fishing history, to enforce a maritime lien against said vessel, and alleges, upon information and belief, as follows:

### The Parties

1.    Plaintiff, FAIRHAVEN SHIPYARD & MARINA, INC., (hereinafter referred to as "FAIRHAVEN SHIPYARD"), is a corporation duly organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 50 Fort Street, Fairhaven, Massachusetts. At all time material hereto, FAIRHAVEN SHIPYARD did, and still does, business as a marine repair and storage facility and holds a valid maritime lien for "necessaries" upon the F/V REALITY (*ex* F/V MELISSA VANESSA)(O.N. No. 619655)(hereinafter referred to as the "Vessel").

2.    Defendant Vessel is a commercial fishing vessel that, upon information and belief, is owned either by REALTY FISHING CORP of 113 MacArthur Drive, New Bedford,

Massachusetts and/or Mr WAYNE E. FRYE, JR., of 60 Seaview Ave, Fairhaven, Massachusetts (jointly hereinafter referred to as "FRYE") and documented under the laws of the United States, bearing Official Number 619655. The Vessel being a steel hulled vessel, is now located ashore at an upland storage facility at FAIRHAVEN SHIPYARD in Fairhaven, Massachusetts, and during the pendency of this action, will be within the jurisdiction of this Honorable Court.

## Jurisdiction

3. This action is one of which the district courts have original jurisdiction under the provisions of Title 28, United States Code, section 1333 in that it is a civil action arising under Title 46, United States Code, sections 31341, *et seq*, more commonly referred to as the Federal Maritime Lien Act, and the general maritime law of the United States, and is otherwise an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff specifically invokes the special relief provided by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims for the *in rem* arrest of defendant Vessel.

## Factual Allegations

4. On or about June 2003, FRYE requested that the plaintiff perform repair work on the Vessel. In late June 2003 the Vessel was moved to the plaintiff's facility and repairs commenced in mid-July 2003. During the repair process the plaintiff dispatched weekly invoices to Frye. Plaintiff suspended work on the vessel in mid-September 2003 after FRYE advised the plaintiff that there were not sufficient funds to pay for the repairs that had been made to date and that needed to be further made. The Vessel remains at the facility. At the time of making both of the agreements, the Vessel was in navigation.

Additionally, the plaintiff and FRYE also agreed that laydays would be charged by the plaintiff for storage of the vessel.

5. Pursuant to said agreement, upon the order and request of FRYE, FAIRHAVEN SHIPYARD furnished certain services and repairs and supplied certain materials and supplies to the Vessel. FAIRHAVEN SHIPYARD has also stored the vessel on land as requested by FRYE.

6. FRYE has failed, neglected, and refused to pay for the fair and reasonable value of goods and services provided by FAIRHAVEN SHIPYARD which are now due and owing to plaintiff on account thereof.

7. FAIRHAVEN SHIPYARD has performed all conditions on its part to be performed under the aforesaid agreement.

8. By reason of the foregoing premises, FAIRHAVEN SHIPYARD has sustained damages in the principal amount of $24,053.20, excluding interest, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

Cause of Action

(Enforcement of Maritime Lien for "Necessaries")

9. FAIRHAVEN SHIPYARD incorporates herein by reference the allegations contained in Paragraphs 1 through 8 above with the same force and effect as if set forth at length herein.

10. The services, repairs, materials, and supplies furnished and supplied by FAIRHAVEN SHIPYARD to the Vessel in connection with her modification, repair, and storage entitled plaintiff to a maritime lien for "necessaries" against the Vessel.

WHEREFORE, plaintiff prays that this Honorable Court adjudge as follows:

1. That *in rem* process issue in due form of law, according the practice of this

Honorable Court in matters of admiralty and maritime jurisdiction, may issue against the whole of the Vessel, her engines, tackle, apparel, appurtenances, fishing licenses and fishing history, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

2. That all persons having or claiming to have any interest therein be cited to appear and answer under oath, all and singular the matter aforesaid;

3. That plaintiff's claim be adjudged a valid and enforceable maritime lien against the whole of the Vessel, her engines, tackle, apparel, appurtenances, etc., and an *in rem* judgment enter in its favor against the Vessel for the full amount of its liquidated damages, together with interest, costs, expenses of collection, including reasonable attorneys' fees, and other damages which may be shown at trial;

4. That the Vessel be condemned and sold to satisfy plaintiff's judgment; and

5. That plaintiff have such other and further relief as this Honorable Court and Justice may deem just and appropriate under the circumstances.

Dated: December 22, 2003

Respectfully submitted,

FAIRHAVEN SHIPYARD &
MARINA, INC.,
By its attorney,

SAUNDERS & MICHAUD, LLP

_____
Andrew B. Saunders
700 Pleasant Street
New Bedford, MA  02740
Tel. (508) 999-0600
Fax (508) 999-5400
BBO # 560645

4

<u>Verification</u>

Ronald Fortier, being duly sworn, deposes and says that:

I am Vice-President of FAIRHAVEN SHIPYARD & MARINA, INC., plaintiff herein. I have read the foregoing Verified Complaint and I know the contents thereof and the same are true to the best of my knowledge, information and belief. As to the matters therein stated to be upon information and belief, I believe them to be true. The sources of my information and the grounds for my beliefs are the financial statements and business records of the company, as well as my own involvement in negotiating the agreement with Mr. Wayne E. Frye, Jr., and attempting to collect the indebtedness owed.

Signed under the pains and penalties of perjury on this 22nd day of December, 2003.

_____
Ronald Fortier
Vice-President


<u>Acknowledgment</u>

STATE OF MASSACHUSETTS:
COUNTY OF BRISTOL, ss.:                                    Fairhaven, MA

Then appeared before me the above-named Ronald Fortier, known to me or shown to me to be acting in the capacity claimed and who, being duly sworn, stated that he read the foregoing document, that he was authorized to execute said document, and that he executed said document as the free act and deed of said corporation on the 22nd day of December, 2003.

_____
Notary Public
My Commission Expires: 12/30/05

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Fairhaven Shipyard + Marina, Inc

**DEFENDANTS**

M/V Reality In Rem

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Andrew B. Saunders
700 Pleasant St
New Bedford, MA 02740

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)
- ✗ Admiralty

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☑ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☑ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | ☐ 871 IRS — Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

In Rem Action To Arrest Defendant Vessel For Non Payment of Necessaries.

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** 24,053.20

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY  JUDGE _____  DOCKET NUMBER _____

DATE  SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Fairhaven Shipyard & Marina, Inc. v. M/v Reality (In Rem)_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
    
    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)

    YES    (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES    (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    (YES)    NO

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

    (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

    (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Andrew B. Saunders_
ADDRESS _700 Pleasant St New Bedford MA 02740_
TELEPHONE NO. _508 999-0600_

(Cover sheet local.wpd - 11/27/00)